[No. B154515. Second Dist., Div. Four. Oct. 17, 2002.]

DEREK LEVINE et al., Plaintiffs and Appellants, v.
KAREN LEVINE, Individually and as Trustee, etc., Defendant and
Respondent.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I of the Discussion.

**COUNSEL**

Corleto, Ackerman & Hearn and Robert S. Ackerman for Plaintiffs and Appellants.

Henderson Humphrey & O'Shea, Mark J. Henderson and J. Scott Humphrey for Defendant and Respondent.

## OPINION

**CURRY, J.**—Appellants Derek and Danielle Levine are the grandchildren of Allan Levine, who died on September 28, 1999. When he was alive, Allan[1] established investment accounts in appellants' names pursuant to the Uniform Transfers to Minors Act (Prob. Code, § 3900 et seq., UTMA). Allan withdrew the money from those funds approximately four years before his death. More than a year after his death, appellants filed a complaint against his widow, Karen Levine, in her capacity as beneficiary of the Levine family trust (the Trust), the irrevocable trust which held title to the bulk of Allan's estate. Demurrer to the original complaint was sustained without leave to amend on statute of limitations grounds. Appellants then sought to recoup the funds from the Trust, and filed an amended complaint naming it and Karen in her capacity as trustee. This complaint was dismissed based on the previous ruling. Appellants contend that the trial court erred in applying the statute of limitations contained in section 366.2 of the Code of Civil Procedure (hereafter section 366.2) and that the tolling provisions of Code of Civil Procedure section 352 (hereafter section 352) prevented the statute from running until they reached the age of majority. We disagree with appellants' analysis and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellants' original complaint, brought against Karen alone and filed March 15, 2001, contended that in or about June 1987, Allan established accounts in the name of appellants at the brokerage institution of Bear-Stearns & Co., Inc., pursuant to the UTMA, and that in December 1995 he withdrew the sum of $60,017.36 from Danielle's account and $64,954.70 from Derek's account, breaching a fiduciary duty owed to them. The complaint further alleged that, upon his death, all of Allan's property passed to Karen through a revocable trust, that there had been no proceeding to administer Allan's estate, and that the trustee did not file any notice to creditors pursuant to Probate Code section 19003.

Karen demurred to the complaint on the ground that suits against beneficiaries of revocable trusts are subject to the statute of limitations contained in section 366.2, which essentially provides that any action that could have

---

[1]Because so many of the persons involved share the same last name, we refer to them individually by their first names.

been brought against a deceased person while he or she was alive, must be filed within one year of his or her death. Appellants conceded that the demurrer should be sustained on statute of limitations grounds, but requested leave to amend to plead a claim against the Trust itself, arguing that the statute of limitations had not run because the Trust had not been properly administered in that the trustee did not file or publish notice to creditors. They also sought to amend to make clear that Danielle's claim had been brought within one year of the time she became an adult.[2]

The court sustained the demurrer without leave to amend, and ordered that a judgment of dismissal be entered as to Karen. Appellants then filed a request for dismissal as to "Defendant Karen Levine **ONLY**" and on June 7, 2001, filed an amendment to the complaint under section 474 of the Code of Civil Procedure, substituting "KAREN LEVINE, Trustee of the Levine Family Trust" and the "LEVINE FAMILY TRUST" in place of Doe 1 and Doe 2. Appellants also filed a first amended complaint (FAC) inserting the names of those parties as defendants. The FAC contained many of the same allegations as the original complaint, but the names of the causes of action were changed to conversion and breach of Probate Code, rather than breach of fiduciary duty.

Respondent filed a motion to quash, arguing that Karen had been dismissed in her individual capacity and that appellants were not ignorant of the existence of the Trust or of Karen's identity or status as trustee, as required by section 474 of the Code of Civil Procedure for Doe defendant substitution. Respondent further maintained that section 366.2 barred appellants' claims against the newly named defendants. The court granted the motion to quash and ordered the case dismissed on the ground that "a demurrer was sustained without leave to amend on May 18, 2001 as to the same parties." Appeal was noticed.

### DISCUSSION

#### I*

. . . . . . . . . . . . . . . . . . . . . . . .

#### II

Section 366.2 provides: "(a) If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or

---

[2]According to appellants, they were both minors when Allan withdrew the funds. Derek reached majority in May 1999, shortly before Allan died in September 1999. Danielle reached majority in August 2000.

*See footnote, *ante,* page 1256.

otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply."

Appellants' argument is that their claims are covered under an exception contained in subdivision (b) of section 366.2. Subdivision (b) states: "The limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason except as provided in any of the following, where applicable: [¶] (1) Part 4 (commencing with Section 9000) of Division 7 of the Probate Code (creditor claims in administration of estates of decedents). [¶] (2) Part 8 (commencing with Section 19000) of Division 9 of the Probate Code (payment of claims, debts, and expenses from revocable trust of deceased settlor). [¶] (3) Part 3 (commencing with Section 21300) of Division 11 of the Probate Code (no contest clauses)." Appellants believe that because Karen did not apply to administer Allan's estate in probate court or give notice to his creditors, their claims fall under section 19008 of the Probate Code, contained in part 8, division 9, which states that "[i]f there is no proceeding to administer the estate of the deceased settlor, and if the trustee does not file a proposed notice to creditors pursuant to Section 19003 and does not publish notice to creditors pursuant to Chapter 3 (commencing with Section 19040), then the liability of the trust to any creditor of the deceased settlor shall be as otherwise provided by law."

By way of background, we should explain that Probate Code section 19000 et seq., governs claims procedures for revocable trusts of deceased settlors. Under Probate Code section 19003, subdivision (a), the trustee "may file with the court a proposed notice to creditors" in order to obtain a case number, and then publish and serve notice to creditors or potential claimants as provided in chapter 3, commencing with section 19040 of the Probate Code. Under section 19004, "If the trustee files, publishes, and serves notice as set forth in Section 19003, then: [¶] (a) All claims against the trust shall be filed in the manner and within the time provided in this part. [¶] (b) A claim that is not filed as provided in this part is barred from collection from trust assets. [¶] (c) The holder of a claim may not maintain an action on the claim against the trust unless the claim is first filed as provided in this part."

Probate Code section 19040 provides the form for a publication of notice in a newspaper. Section 19050 requires the giving of actual notice "[i]f the trustee has knowledge of a creditor." (Id., subd. (a).) The trustee has knowledge "if the trustee is aware that the creditor has demanded payment

from the deceased settlor or the trust estate." (*Ibid.*) Section 19050 notice must be given within four months after publication of notice under section 19040 or within 30 days after the trustee first gains knowledge of a creditor as defined by the statute. (Prob. Code, § 19051.)

Under section 19100 of the Probate Code, claimants must file a claim before expiration of "[f]our months after the first publication of notice to creditors under Section 19040" or "[t]hirty days after the date actual notice is mailed or personally delivered to the creditor, if notice is given within the time provided in subdivision (a) or (b) of Section 19051." (Prob. Code, § 19100, subd. (a)(1) & (2).) Consequently, the practical result of these provisions is generally to shorten the time frame within which a claimant can assert a claim against a decedent's estate or trust. If the trustee files the proposed notice to creditors with the court under section 19003 of the Probate Code right after the settlor's death, and then proceeds to immediately give the notices required in Probate Code sections 19040 and 19050, a creditor could have just over 30 days to submit a claim notwithstanding the one-year statute of limitations set forth in section 366.2.

There are also situations provided for under these provisions where a claimant could have more than one year to pursue a lawsuit. Once a claim is presented to the trustee, the trustee must give written notice of allowance or rejection. (Prob. Code, §§ 19250-19251.) Under Probate Code section 19253, "[t]he filing of a claim tolls the statute of limitations otherwise applicable to the claim until the trustee gives notice of allowance or rejection" and "[t]he allowance of a claim further tolls the statute of limitations as to the part of the claim allowed until the allowed portion of the claim is paid." (*Id.*, subds. (a), (b).) Depending on how long it took for the claims procedure to be initiated, notice to be given, and the claims to be allowed or disallowed, more than a year might pass before a lawsuit is filed. Clearly, section 366.2, subdivision (b)(2), was meant to toll the one-year statute of limitations in situations where delays in processing claims caused the lawsuit to be filed more than one-year after the decedent's death. As stated in *Dobler v. Arluk Medical Center Industrial Group, Inc.* (2001) 89 Cal.App.4th 530, 535-536 [107 Cal.Rptr.2d 478]: "This uniform one-year statute of limitations applies to actions on all claims against the decedent which survive the decedent's death. This limitations period, however, is tolled by (1) the timely filing of a creditor claim; (2) the filing of a petition for payment of debts, claims or expenses from the decedent's revocable trust; or (3) a proceeding to judicially construe a 'no contest' provision. Thus, if a claim is timely filed in the probate proceedings, it remains timely filed even though the representative or court acts on a claim by allowing, approving or rejecting the claim outside the limitations period. On the other

hand, if a claim is not filed in a probate proceeding within either the claims filing period of Probate Code section 9100, or within the one-year limitation period of Code of Civil Procedure section 366.2, a creditor will be forever barred from asserting a claim against the decedent." (Fns. omitted.)

Appellants seek to persuade us that section 366.2, subdivision (b)(2) applies to a wholly different type of situation. As we have seen, subdivision (b)(2) of section 366.2 provides: "The limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason except as provided in any of the following, where applicable: [¶] . . . [¶] (2) Part 8 (commencing with Section 19000) of Division 9 of the Probate Code (payment of claims, debts, and expenses from revocable trust of deceased settlor)." Probate Code section 19008 states: "If there is no proceeding to administer the estate of the deceased settlor, and if the trustee does not file a proposed notice to creditors pursuant to Section 19003 and does not publish notice to creditors pursuant to Chapter 3 (commencing with Section 19040), then the liability of the trust to any creditor of the deceased settlor *shall be as otherwise provided by law*." (Italics added.) Appellants believe that since section 19008 appears within part 8, commencing with section 19000 of division 9 of the Probate Code, claims made under its provisions are decided "as otherwise provided by law" and are not governed by section 366.2.

Appellants cite no authority in support of their position, but they believe their interpretation of the statutory language is buttressed by section 19400 of the Probate Code, a provision that allows creditor claims against beneficiaries of trusts who have accepted distributions from the trust. Section 19400 states: "*Subject to Section 366.2 of the Code of Civil Procedure*, if there is no proceeding to administer the estate of the deceased settlor, and if the trustee does not file a proposed notice to creditors pursuant to Section 19003 and does not publish notice to creditors pursuant to Chapter 3 (commencing with Section 19040), then a beneficiary of the trust to whom payment, delivery, or transfer of the deceased settlor's property is made pursuant to the terms of the trust is personally liable, to the extent provided in Section 19402, for the unsecured claims of the creditors of the deceased settlor's estate." (Italics added.) As appellants see it, the fact that the Legislature included an express reference to section 366.2 in Probate Code section 19400 for claims against beneficiaries of trust who have obtained trust property is an indication that the Legislature did not intend for the one-year statute to apply to claims under Probate Code section 19008 against the trust itself.

The plain meaning of the words used by the Legislature defeats appellants' analysis. Subdivision (b)(2) of section 366.2 does not say that the

one-year limitation period *does not apply* to any claims brought under part 8 (commencing with Section 19000) of division 9 of the Probate Code. It states that the one-year limitation period for commencement of an action "*shall not be tolled or extended . . . except as provided in . . .* [¶] . . . Part 8 (commencing with section 19000) of Division 9 of the Probate Code . . . ." (§ 366.2, subd. (b)(2).) In other words, section 366.2 applies to claims brought under part 8, division 9, but any tolling or extending provisions found among those provisions will delay the otherwise absolute one-year limitation period. As we have discussed, one such tolling provision can be found in Probate Code section 19253 and applies to the situation where a claim has been filed with the trustee and is awaiting the trustee's decision on allowance or rejection. Similarly, Probate Code section 9352 tolls the statute for claims submitted to an estate and awaiting allowance or rejection. Probate Code section 21308 contains a provision that tolls the time a potential will or trust contestant has to file a motion, petition, or other act until a declaratory relief action filed under Probate Code section 21320 can determine whether a particular motion, petition or other act by the beneficiary would be a contest within the terms of the instrument's no contest clause.

These three provisions allow tolling of the absolute one-year period under limited circumstances in order to facilitate the orderly administration of the decedent's estate. The tolling occurs only after the claims are put on the record by the potential claimants by submission to the trustee, administrator, or court within an abbreviated time frame, generally within months of the decedent's death. In these situations, trustees, administrators, and other interested parties have notice of the existence and nature of the claim, and the opportunity to gather evidence before the claim becomes stale. Extending the statute of limitations for these claimants does not create uncertainty or unnecessarily prolong distribution of the decedent's estate.

Appellants' proposed interpretation, on the other hand, would create a substantial loophole in the statutory scheme, and lead to confusion and delay in settling estates. Trustees and administrators, not knowing whether it was safe to finalize distribution, could withhold assets as a reserve against the assertion of unknown claims. This result would negate the legislative intent behind the decision to enact the special limitations statute. As explained by our Supreme Court, "The overall intent of the Legislature in enacting Code of Civil Procedure former section 353 [(now § 366.2)] was to protect decedents' estates from creditors' stale claims. [Citations.] '[T]he drafters of former Code of Civil Procedure section 353 and current Code of Civil Procedure section 366.2 believed the limitation period the statute imposes serves "the strong public policies of expeditious estate administration and

security of title for distributees, and is consistent with the concept that a creditor has some obligation to keep informed of the status of the debtor." (Recommendation Relating to Notice to Creditors in Estate Administration [(Dec. 1989)] 20 Cal. Law Revision Com. Rep. (1990) p. 512.)'" (*Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, 308 [99 Cal.Rptr.2d 792, 6 P.3d 713], quoting *Dawes v. Rich* (1997) 60 Cal.App.4th 24, 34 [70 Cal.Rptr.2d 72].)

*Rumsey* involved a collection action against the husband of a woman who had died after a prolonged battle with cancer, leaving over $100,000 in medical bills. The wife's property was subject to a trust and passed to the husband "without formal administration." (*Collection Bureau of San Jose v. Rumsey, supra,* 24 Cal.4th at p. 309, & fn. 7.) The issue presented was not identical to the one here because the collection agency did not bring suit against the trust under Probate Code section 19008. Instead, it pursued the husband's individual property under Family Law Code provisions which make husbands and wives liable for each other's debts, and persuaded the Court of Appeal that the four-year statute of limitations for open book account was applicable. The Supreme Court reversed based on Probate Code section 13554, which expressly makes section 366.2 applicable to actions to enforce debts against surviving spouses, holding that in any conflict between the Family Law Code and the Probate Code, the Probate Code took precedence because it was both more recent and more specific. (*Collection Bureau of San Jose v. Rumsey, supra,* at pp. 310-311.)

Although the issues are not identical, the reasoning behind the court's decision to apply the one-year statute of limitations despite the apparent conflict with the Family Law Code is equally relevant here. The court noted: "The December 1989 California Law Revision Commission recommendation on the proposed legislation amending Code of Civil Procedure former section 353 explained that 'the one year statute of limitations is intended to apply in any action on a debt of a decedent, whether against the personal representative under Probate Code Sections 9350 to 9354 . . . , or against another person, such as a distributee under Probate Code Section 9392 . . . , a person who takes the decedent's property and is liable for the decedent's debts under Sections 13109 . . . , 13156 . . . , 13204 . . . , and 13554 . . . , or a trustee.' [Citation.] *It thus appears that when the amendments to former section 353 were enacted, they were done so with the clear understanding and intent that such provisions would govern and apply to 'any action on a debt of the decedent,' regardless of whom the action was brought against . . . .*" (*Collection Bureau of San Jose v. Rumsey, supra,* 24 Cal.4th at p. 308, italics omitted & added, quoting Recommendation Relating to Notice to Creditors in Estate Administration, *supra,* 20 Cal. Law Revision Com. Rep. at p. 515.)

An appellate court expressed the same sentiment when refusing to apply section 352's tolling provision to the Probate Code's claims filing procedures: "There are strong policy reasons for the legislative decision not to toll the pertinent limitations period during minority which are exemplified in the instant case. The defendant's decedent died leaving heirs who must be provided for and an estate which must be distributed. Tying up the estate for up to 21 years waiting for a minor claimant to reach majority would place a considerable hardship on the heirs. Also, the heirs could be forced to defend several separate actions, one as each minor claimant reached majority." (*Glass v. Benkert* (1971) 18 Cal.App.3d 322, 328-329 [95 Cal.Rptr. 735].)

In sum, neither the language of the statute nor the policy behind it supports appellants' argument that the one-year statute of limitations should be disregarded in suits involving trust assets where there has been no proceeding to administer the estate of the decedent and no notice to creditors. The language is clear that the one-year statute applies to all debts of the decedent regardless of whom the claims are brought against. The one-year provision is not subject to delayed discovery or tolling due to minority or incapacity. Since the claims were filed too late, the trial court did not err in sustaining the demurrer or dismissing the claims.

## DISPOSITION

The judgment is affirmed.

Vogel (C. S.), P. J., and Epstein, J., concurred.