[No. B190103. Second Dist., Div. Three. Mar. 28, 2007.]

CAROLINE STEWART, Plaintiff and Appellant, v.
SHEDRA K. SEWARD, as Administrator, etc., Defendant and Respondent.

1514

Counsel

Patricia A. Painter; Law 4U, Inc., and John W. Jennison, Jr., for Plaintiff and Appellant.

Sullivan, Workman & Dee, Charles D. Cummings, Joseph S. Dzida, D. Daniel Pranata and Sherrill Tanibata for Defendant and Respondent.

Opinion

KLEIN, P. J.—Plaintiff and appellant Caroline Stewart (Stewart) appeals an order dismissing her complaint following the sustaining without leave of a demurrer interposed by defendant and respondent Shedra K. Seward, administrator of the estate of Wilmer Koontz (administrator).[1]

The essential issue presented is whether the trial court properly found Stewart's action is barred by the one-year statute of limitations provided in Code of Civil Procedure section 366.3.[2]

We reject Stewart's theory she was a "creditor" of the estate of Wilmer Koontz (Wilmer) and that, following the administrator's rejection of her "creditor's claim," her cause of action came within the tolled or extended statute of limitations of section 366.2. The trial court properly determined Stewart's action arose, not from her status as a "creditor," but from Wilmer's alleged breach of a "promise or agreement with a decedent to distribution from an estate" within the meaning of section 366.3, subdivision (a) and, accordingly, that the statute's one-year statute of limitations applied. Because the statute of limitations under section 366.3 began to run on the day of Wilmer's death, October 26, 2004, and Stewart did not file suit until October 28, 2005, the trial court properly concluded the action is time-barred. Therefore, the order of dismissal is affirmed.

---

[1] Because some of the parties in this case share the same last names, we refer to a number of them by their first names, not out of disrespect, but to avoid confusion. (*Embree v. Embree* (2004) 125 Cal.App.4th 487, 490, fn. 1 [22 Cal.Rptr.3d 782] (*Embree*).)

[2] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts as pled in plaintiff's complaint.*

Stewart is the daughter of Gowisea Koontz (Gowisea), the predeceased spouse of Wilmer. In early December 1990, Gowisea, who was dying of cancer, entered into an oral agreement with Wilmer regarding the distribution of Gowisea's property upon her death. Gowisea, in the presence of Wilmer and several family witnesses, stated she would not execute a will disposing of her property and would not convert title to their home on 39th Street in Los Angeles from joint tenancy to tenancy in common, in exchange for Wilmer's promise to execute a will leaving 50 percent of the 39th Street property to Stewart and the remaining 50 percent to two grandchildren. Although Stewart urged Gowisea to put the agreement in writing, Gowisea assured Stewart she trusted Wilmer to perform the agreement. Gowisea died intestate on December 12, 1990.

In March 1997, Wilmer executed a will devising 100 percent of the 39th Street property to the two grandchildren, leaving Stewart with no interest in the property. Wilmer died on October 26, 2004.

2. *Procedural history.*

On July 13, 2005, Stewart filed a "creditor's claim" in Wilmer's probate proceeding, asserting she was entitled to "$150,000.00 or more" from Wilmer's estate, pursuant to an "oral contract for one half the value" of the 39th Street property.

On July 21, 2005, the administrator rejected the creditor's claim, using a mandatory Judicial Council form (Form DE-174 (rev. Jan. 1, 2000)) captioned "Allowance or Rejection of Creditor's Claim." Printed on the form is the following advisement: "REJECTED CLAIMS: From the date notice of rejection is given, the creditor must act on the rejected claim (e.g., file a lawsuit) as follows: [¶] a. Claim due: within three months after the notice of rejection. [¶] b. Claim not due: within three months after the claim becomes due." (Boldface omitted.) The rejection form was mailed to Stewart on July 29, 2005.

After receiving the rejection notice, Stewart filed the instant action against the administrator of Wilmer's estate on October 28, 2005. The complaint alleged causes of action for breach of an oral contract, fraud, negligent misrepresentation, breach of fiduciary duty and equitable estoppel. By way of relief, Stewart sought, inter alia, "[s]pecific performance for a 50% interest in

the real property . . . ; [¶] . . . [i]n the alternative, . . . damages to equal 50% of the value of the subject property . . . ."

The administrator demurred, asserting Stewart's claims were barred by the statute of limitations set forth in section 366.3. The administrator stated, "All of [Stewart's] causes of action are barred by the statute of limitations that relates to the time that an action can be brought against a decedent's estate. . . . [Section] 366.3 states that an action arising from a promise or agreement with the decedent to make a will may only be commenced against a decedent within one year of decedent's death and that all other statute of limitations periods do not apply." Because Wilmer died on October 26, 2004, and Stewart did not file suit until October 28, 2005, the action was time-barred.

In opposition, Stewart asserted she timely commenced her action on October 28, 2005, within three months of the date of service of notice of rejection of her creditor's claim. Stewart cited the advisement on the rejection form that suit could be brought within three months of the date the claim was rejected. Stewart also contended that in view of this language on the notice of rejection form, the administrator was equitably estopped to assert the statute of limitations of section 366.3 as a bar to the action.

The administrator argued in her reply papers that: The action was governed by the specific provision of section 366.3, relating to the commencement of an action to enforce a claim that arises from a promise or agreement with a decedent to distribution from an estate; the filing of a creditor's claim does not toll the statute of limitations for an action on a contract to make a will; and the administrator was not estopped to assert the statute of limitations because she merely used a mandatory Judicial Council form to give notice of rejection of creditor's claim and did not make any affirmative representations to Stewart concerning the statute of limitations.

On January 23, 2006, the matter came on for hearing. The trial court sustained the administrator's demurrer without leave to amend. The trial court ruled section 366.3 is controlling and the statute does not contain a tolling provision for actions involving creditor's claims.

Stewart filed a timely notice of appeal from the order of dismissal.

## CONTENTIONS

Stewart contends: (1) the trial court erred in finding the provisions of section 366.3 are applicable to her claims, rather than the provisions of section 366.2, which provide the limitation period is tolled by the submission of a

creditor's claim; (2) the doctrines of estoppel and waiver preclude application of the limitations period set forth in section 366.3 to her claims in this action; and (3) to the extent that the allegations in her complaint are uncertain or create some ambiguity with regard to the basis of her claims and the relief being sought, she should be allowed leave to amend.

## DISCUSSION

### 1. Standard of appellate review.

In determining whether a plaintiff has properly stated a claim for relief, "our standard of review is clear: ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' [Citations.]" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 [119 Cal.Rptr.2d 709, 45 P.3d 1171].) Our review is de novo. (*Ibid.*)

Here, the essential issue presented is whether the pleading shows on its face that Stewart's claim is time-barred, so as to preclude Stewart from stating a cause of action.

### 2. Stewart's action arose out of an alleged breach by Wilmer of his promise to Gowisea to execute a will leaving 50 percent of the 39th Street property to Stewart; therefore, trial court properly held Stewart's action is governed by the one-year limitations period of section 366.3, i.e., one year from Wilmer's death, with no tolling for a creditor's claim.

#### a. Pertinent statutes.

##### (1) Section 366.2 provides a limitation period of one year from the date of death, with tolling for creditor claims.

Section 366.2, upon which Stewart relies, provides in relevant part: "(a) If a person against whom an action may be brought on a liability of the person,

whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply. [¶] (b) *The limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason except as provided in any of the following, where applicable*: [¶] . . . [¶] (2) *Part 4 (commencing with Section 9000) of Division 7 of the Probate Code (creditor claims in administration of estates of decedents)*." (Italics added.)

■ Probate Code section 9000 provides in relevant part: "As used in this division: [¶] (a) 'Claim' means a demand for payment for any of the following, whether due, not due, accrued or not accrued, or contingent, and whether liquidated or unliquidated: [¶] (1) Liability of the decedent, whether arising in contract, tort, or otherwise. . . ." As to creditors, Probate Code section 9352 provides the "*filing of a claim or a petition . . . tolls the statute of limitations otherwise applicable to the claim until allowance, approval, or rejection . . . .*" (Italics added.) If a claim is due at the time notice of rejection is given, the claimant has three months after notice is given to commence an action on the claim. (Prob. Code, § 9353, subd. (a)(1).)[3]

> (2) *Section 366.3 creates a limitation period of one year from death, with no tolling for creditor claims.*

Unlike section 366.2, section 366.3, enacted in 2000, does not provide for tolling for creditor claims.

Section 366.3 governs an action arising from a promise or agreement with a decedent to distribution from an estate. It provides: "(a) *If a person has a claim that arises from a promise or agreement with a decedent to distribution from an estate or trust or under another instrument, whether the promise or agreement was made orally or in writing*, an action to enforce the claim to distribution may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply. [¶] (b) *The limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason except* as provided in Sections 12, 12a, and 12b of this code, and Part 3 (commencing with Section 21300) of Division 11 of the Probate Code.[4] [¶] (c) This section applies to actions brought on claims concerning persons dying on or after the effective date of this section." (§ 366.3, italics added.)

---

[3] As indicated, Stewart asserts her action was timely because she filed her complaint within three months of the notice of rejection of her creditor's claim.

[4] Probate Code section 21300 et seq. pertains to no contest clauses.

The underlying legislative history states section 366.3 "[e]stablishes a one-year statute of limitations for claims *which arise from a promise or agreement with a decedent to a distribution from an estate or trust, or under another legal instrument. It also generally prohibits any tolling or extension of this limitations period,* and applies this provision prospectively." (Assem. Floor Analysis, Concurrence in Sen. Amends., Assem. Bill No. 1491 (1999–2000 Reg. Sess.) as amended Apr. 4, 2000, pp. 1–2, italics added.)

> b. *Stewart's attempt to avoid section 366.3 by characterizing her action as one for monetary damages is unpersuasive; her action is governed by section 366.3 because it arose from Wilmer's alleged breach of a promise to make a will.*

> (1) *Stewart's theory.*

Stewart contends where a plaintiff "is seeking relief by way of a distribution of specific property from the estate contrary to the express provisions of the will of decedent, the claim is of the type addressed in [section] 366.3. Where, however, the claim at issue is not making a challenge to the distribution called for in the will, but rather is seeking damages from the decedent based on a breach of contract or tort by the decedent, then the claim at issue is of the type covered by the provisions of [section] 366.2." Stewart asserts her complaint "seeks money damages from Wilmer based on his personal liability arising from his acts and omissions that thwarted Gowisea's estate plan, to Stewart's damage as a third party beneficiary of Gowisea's estate plan," and therefore her action is of the type governed by section 366.2 and not section 366.3.[5]

> (2) Estate of Watson *(1986) 177 Cal.App.3d 569 [223 Cal.Rptr. 14] is inapposite.*

In support of the distinction Stewart draws between claims for monetary damages and claims for distribution of specific property, Stewart relies on *Estate of Watson, supra,* 177 Cal.App.3d 569, a case decided 14 years before the enactment of section 366.3.

There, Arthur Watson (Watson) executed a will, which contained a no contest clause, and in which he bequeathed $50,000 to each of two daughters. He left the remainder of his estate to his wife, his daughters' stepmother. When Watson died in 1983, the sum of $70,000 was distributed to his daughters under an unopposed order for preliminary distribution as the estate

---

[5] We note Stewart's complaint also sought specific performance as an alternative to damages.

lacked funds to complete the distribution. Watson's wife died approximately eight months later. In her will, she left all her property to parties other than Watson's daughters. The daughters filed creditors' claims against their step-mother's estate claiming Watson and their stepmother had, prior to making their wills, made an oral agreement in which the father would leave all his property to the stepmother, except for $100,000 in bequests to the daughters, on the condition the stepmother would transfer all the Watson property to the daughters when she died. (*Estate of Watson, supra,* 177 Cal.App.3d at pp. 570–571.)

The question presented in the *Watson* case was whether the daughters had violated the no contest clause in their father's will by filing their creditors' claim in the stepmother's estate. The court determined there was no violation because the daughters were not seeking a distribution on the basis of the terms of the father's will and were not challenging the validity of his will. Instead, they were seeking enforcement of "a separate and distinct oral agreement [and, a]s such, their creditors' claim and complaint [were] based on a 'source of right independent of [the father's] will.' " (*Estate of Watson, supra,* 177 Cal.App.3d at p. 573.)

Although *Estate of Watson* involved an alleged oral agreement to make a particular testamentary disposition, it is inapposite. In the instant case, there is no issue regarding the applicability of a no contest clause. More importantly, the *Watson* case precedes the enactment of section 366.3.

> (3) *Because Stewart seeks to enforce a promise to make a testamentary disposition, the action is governed by section 366.3; it is the nature of the claim, and not the nature of the prayer for relief, which determines the applicable statute of limitations.*

As explained below, Stewart's action is governed by section 366.3, not by section 366.2, because Stewart was suing on "a promise or agreement with a decedent to distribution from an estate or trust or . . . another instrument . . . ." (§ 366.3, subd. (a); see, e.g., *Embree, supra,* 125 Cal.App.4th at p. 492.)

In *Embree,* a marital settlement agreement (MSA) executed by Joanne and Alvin provided that Alvin would pay $1,800 per month in spousal support until Joanne remarried or he or Joanne died, whichever occurred first; in addition, in a separate section of the MSA entitled "Covenant To Will," Alvin agreed that in the event he predeceased Joanne, a trust or annuity would be established to provide Joanne with $1,800 per month for as long as she lived. Following Alvin's death, all of his known property was distributed pursuant to the terms of his revocable living trust without creation of a trust or annuity

for the benefit of Joanne. The trial court held Joanne's attempt to enforce her claim to a lifetime annuity against the beneficiaries of Alvin's living trust was time-barred. (*Embree, supra*, 125 Cal.App.4th at pp.:490–491.)

*Embree* affirmed, ruling Joanne's claim for breach of the Covenant To Will provision of the MSA was barred by section 366.3. Alvin's agreement to establish a trust for her benefit upon his death, to provide her with monthly payments, was "distinct from, and independent of" his obligation to. pay spousal support during his lifetime. (*Embree, supra*, 125 Cal.App.4th at p. 492.) Alvin's *"agreement to establish a trust upon his death to provide monthly payments to Joanne appear[ed] to fall squarely within the ambit of section 366.3*. Accordingly, Joanne's claim, filed more than one year after Alvin's death, is time-barred." (*Embree, supra*, at p. 492, italics added.)[6]

In contrast, in *Levine v. Levine* (2002) 102 Cal.App.4th 1256 [126 Cal.Rptr.2d 255] (*Levine*), the action was governed by the one-year statute of limitations provided in section 366.2. There, a grandfather established investment accounts in the names of his grandchildren but, some years before his death, withdrew about $125,000 from said accounts. After the grandfather's death, the grandchildren filed a complaint against his widow in her capacity as the beneficiary of the irrevocable trust which held title to the bulk of his estate, seeking to recoup those funds. The grandchildren alleged that in withdrawing the funds from their accounts, the grandfather had breached a fiduciary duty owed to them. (102 Cal.App.4th at p. 1258.) Thus, in *Levine*, the cause of action did not arise from a "promise or agreement with a decedent to distribution from an estate or trust . . . ." (§ 366.3, subd. (a).) Therefore, section 366.3 was not implicated.

Here, as in *Embree*, the claim falls squarely within the ambit of section 366.3. Stewart's claim arose from an alleged oral promise by Wilmer to Gowisea to "produce a will disposing of 50% of [the 39th Street] property to [Stewart]." Thus, the claim *"arises from a promise or agreement with a decedent to distribution from an estate . . . ;"* (§ 366.3, subd. (a), italics added.)

 Stewart attempts to bring this action within section 366.2 by asserting she is not seeking distribution to her of a 50 percent interest in the real property, but only "money damages from Wilmer based on his personal liability arising from his acts and omissions that thwarted Gowisea's estate plan, to Stewart's damage as a third party beneficiary [thereof]." However, the pertinent question is not the nature of the relief or remedy being

---

[6] We are aware that in *Battuello v. Battuello* (1998) 64 Cal.App.4th 842 [75 Cal.Rptr.2d 548], where a son sought to enforce his father's alleged promise to give him the family vineyard when he died, the court held the one-year statute of limitations set forth in section 366.2 applied. However, *Battuello* preceded the enactment of section 366.3.

requested but rather, the nature of the claim itself. Because Stewart's claim arose from an alleged oral promise or agreement concerning distribution from Wilmer's estate, the instant action is governed by the limitations period of section 366.3.

> 3. *Stewart's reliance on the doctrines of equitable estoppel and waiver is misplaced.*

> a. *Equitable estoppel.*

On July 13, 2005, Stewart filed a creditor's claim in the probate proceeding, asserting she was entitled to $150,000 or more from Wilmer's estate. On July 21, 2005, the administrator signed a form rejecting Stewart's claim; the form was mailed to Stewart on July 29, 2005. Stewart contends if the administrator considered Stewart's creditor's claim to be a claim that was not subject to the creditor claim requirements, and as to which no tolling would apply pursuant to section 366.3, then the eight-day delay in serving the notice of rejection "takes on the appearance of an intentional effort to mislead STEWART with regard to the time limitations for filing an action on her claims, particularly in light of the fact [the administrator] expressly stated in her rejection of the claim that STEWART had three months to file an action on the rejected claim."

▪ The argument is unavailing. Initially, we note "[a] creditor's claim may be deemed rejected at the creditor's option if the personal representative or court has refused or neglected to act on the claim within *30 days* after the claim was filed." (*Dobler v. Arluk Medical Center Industrial Group, Inc.* (2001) 89 Cal.App.4th 530, 536 [107 Cal.Rptr.2d 478], italics added, citing Prob. Code, § 9256.) In view of the fact 30 days of inaction may be deemed to be a rejection of the claim, Stewart's contention the administrator's eight-day delay in mailing the rejection notice gives rise to equitable estoppel is unpersuasive.

▪ Moreover, section 366.3 indicates the limitations period provided shall not be tolled or extended *for any reason* except for specific enumerated circumstances. Section 366.3 states at subdivision (b): "The limitations period provided in this section for commencement of an action *shall not be tolled or extended for any reason except* as provided in Sections 12, 12a, and 12b of this code, and Part 3 (commencing with Section 21300) of Division 11 of the Probate Code." (Italics added.) This is confirmed by the legislative history of section 366.3, which provides "This bill establishes the statute of limitations to file a claim for distribution of an estate under any instrument or an equitable estoppel theory as one year from the date of decedent's death, *which may not be tolled except for a 'no contest' action.*" (Sen. Rules Com.,

Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1491 (1999–2000 Reg. Sess.) as amended Apr. 4, 2000, p. 3, italics added.)

Accordingly, the administrator is not equitably estopped to assert the one-year limitations period of section 366.3.[7]

### b. *Waiver.*

Stewart contends the administrator waived her right to assert Stewart's action is time-barred because the administrator, in rejecting Stewart's claim, used a form which expressly stated that from the date notice of rejection is given, a creditor has three months within which to file a lawsuit. The argument is unavailing.

"'A finding of waiver requires clear and convincing evidence of intentional relinquishment of a known right with awareness of the relevant facts. The waiver may be express, based on the party's words, or implied from conduct indicating an intent to relinquish the right.'" (*Goehring v. Chapman University* (2004) 121 Cal.App.4th 353, 386 [17 Cal.Rptr.3d 39].)

We reject Stewart's theory the administrator's use of the mandatory Judicial Council form to deny Stewart's claim constituted an intentional relinquishment by the administrator of the right to assert the one-year limitations period of section 366.3.

### 4. *No abuse of discretion in denial of leave to amend.*

Finally, Stewart contends that to the extent her allegations are uncertain or create some ambiguity with regard to the basis of her claims and the relief being sought, she should be allowed leave to amend. Stewart proposes to delete her prayer for specific performance in order to proceed exclusively on her claims for damages sounding in tort and contract.

However, as explained, it is the nature of the claim itself, and not the nature of the remedy or relief being requested, which determines the applicable statute of limitations. Here, Stewart's action arises from a promise or agreement with a decedent to distribution from an estate. Therefore, the

---

[7] We recognize there is nothing on the mandatory Judicial Council form for "Allowance or Rejection of Creditor's Claim," Form DE-174, to indicate why Stewart's claim was rejected, and the form does not apprise a claimant whether the claim was rejected on the ground the claimant does not qualify as a creditor. In the event a claimant is not a creditor for purposes of section 366.2, the advisement on Form DE-174 that the claimant has three months to file a lawsuit can be a trap for the unwary.

action is governed by section 366.3 and is time-barred. Because said defect cannot be cured by the proposed amendment, leave to amend is not warranted.

## DISPOSITION

The order of dismissal is affirmed. Respondent shall recover costs on appeal.

Croskey, J., and Kitching, J., concurred.