[No. G046460. Fourth Dist., Div. Three. Jan. 9, 2013.]

RICHARD ALLEN, Plaintiff and Appellant, v.
EDITH MARLYNNE STODDARD, as Administrator, etc., Defendant and
Respondent.

**COUNSEL**

Law Offices of Joel J. Loquvam & Associates and Joel J. Loquvam for Plaintiff and Appellant.

Millar, Hodges & Bemis, Larry R. Bemis and Stephen R. Bemis for Defendant and Respondent.

**OPINION**

**BEDSWORTH, J.**—This case of first impression requires us to directly confront the issue of whether Probate Code section 9353 irreconcilably conflicts with Code of Civil Procedure section 366.3.[1] We determine they *do* conflict on the very narrow point of how much time a claimant against an estate has to *file suit* based on a promise to make a distribution from the

---

[1] Undesignated references to any section 9000 through 9353 in this opinion are to the Probate Code. Any undesignated references to section 366.3 or to section 366.2 are to the Code of Civil Procedure.

estate, such as a contract to make a will. Section 9353 gives claimants 90 days from rejection of the claim by the estate to file suit; section 366.3 gives them a year from decedent's death to file suit. Under the long-standing rule of construction that newer and more specific statutes take precedence over older and more general statutes, we conclude it is section 366.3's time limit that controls.

The practical effect of our determination is that plaintiff Richard Allen's suit for breach of contract to make a will, filed 91 days after rejection by the estate of his creditor's claim *but* within a year of the decedent's death, is not time-barred. The judgment of dismissal in favor of the estate, predicated solely on the application of section 9353's 90-day timeframe to file suit, must therefore be reversed.

## FACTS

This case comes to us on a judgment of dismissal after defendant's demurrer was sustained without leave to amend, so we accept as true all facts pled in the complaint. (*Guzman v. County of Monterey* (2009) 46 Cal.4th 887, 894 [95 Cal.Rptr.3d 183, 209 P.3d 89]; *Marshall v. Gibson, Dunn & Crutcher* (1995) 37 Cal.App.4th 1397, 1403 [44 Cal.Rptr.2d 339].) We also accept as true other relevant, judicially noticeable facts outside the complaint. (*Jocer Enterprises, Inc. v. Price* (2010) 183 Cal.App.4th 559 [107 Cal.Rptr.3d 539].) In this case, the relevant, judicially noticeable facts we accept as true concern the nature, presentation and ultimate rejection of a creditor's claim presented by plaintiff Richard Allen.

James Humpert died October 29, 2010. Humpert had been in a stable, long-term committed relationship with plaintiff Richard Allen, and during that relationship Humpert had promised Allen he "would be taken care of" should "anything happen" to Humpert. It is undisputed Humpert died intestate, and there is no evidence Allen and Humpert ever registered as domestic partners, or married during that brief period in 2008 when same-sex couples could marry.[2]

---

[2] There was a 143-day window in 2008 during which same sex couples could marry, extending from the effective date of our Supreme Court's decision in *In re Marriage Cases* (2008) 43 Cal.4th 757 [76 Cal.Rptr.3d 683, 183 P.3d 384] (*Marriage Cases*) to the passage of Proposition 8 in November of the same year. (See *Perry v. Brown* (9th Cir. 2012) 671 F.3d 1052, 1079.) This case, however, raises no issue of equal protection based on Humpert and Allen's legal inability to marry under California law until the effective date of the *Marriage Cases* decision. The nature of Allen's claim is solely contractual, based on Humpert's promise to insure Allen would be "taken care of" after Humpert's death.

Allen filed a petition with the probate court to be appointed administrator of Humpert's estate, but Humpert's sister, Edith Marlynne Stoddard, filed an opposing petition, and she prevailed. Hence, as administrator of Humpert's estate she is the named defendant in this case.

In April 2011, a little more than five months after Humpert died, Allen filed a creditor's claim against Humpert's estate based on the "would be taken care of" promise made by Humpert. (There is no issue of late notice in making this claim on the estate.) The next month, on May 19, 2011, the estate sent a formal notice of rejection of Allen's claim.

Allen filed this action on August 18, 2011, which, given the 31 days that hath both May and July, ended up being exactly 91 days from May 19, 2011.[3] Stoddard, as estate administrator, successfully demurred to the complaint based on its being untimely under section 9353, subdivision (a)(1). A judgment of dismissal ensued, and Allen timely filed this appeal.

## DISCUSSION

Preliminarily, we note a small matter not raised by either party. The entire battle at the trial level concerned the operation of section 9353, and specifically whether the time to file a suit might be extended for five days since the notice of rejection was served by mail. (Cf. Code Civ. Proc., § 1013.) Even though the suit was clearly filed within a year of Humpert's death, the possible application of section 366.3 rather than section 9353 was not raised at the trial level at all. However, section 366.3 is the sole issue on appeal.[4]

Since the effect of section 366.3 on this case presents a pristine issue of law, and since the estate makes no attempt to show any prejudice, we exercise our discretion to address the section 366.3 issue. (See *People v. Rosas* (2010) 191 Cal.App.4th 107, 115 [119 Cal.Rptr.3d 74] ["appellate courts regularly use their discretion to entertain issues not raised at the trial level when those issues involve only questions of law based on undisputed facts . . ." (italics omitted)].)

### A. *Applicability of Section 366.3*

■ Section 366.3 gives persons who have claims against estates based on promises to make a distribution after death (such as contracts to make a will)

---

[3] This is perhaps an example of the misleading effect of a mandatory Judicial Council of California rejection form (DE-174), noted by the Rutter Group probate treatise to be a "trap for the unwary." (Ross, Cal. Practice Guide: Probate (The Rutter Group 2011) ¶ 8:98.4, p. 8-49 (rev. # 1, 2011) (Rutter Group Probate Treatise).) The rejection form states that the claimant has " 'three months' "—as distinct from 90 days—to file suit. (*Ibid.*)

[4] Allen has abandoned any argument Code of Civil Procedure section 1013 gave him an extra five days to file this action.

a full year from the date of the decedent's death to file suit. If section 366.3 governed Allen's claim against Humpert's estate, his suit was timely.[5]

■ The estate argues section 366.3 does not apply at all. That is an argument readily disposed of. The gravamen of Allen's suit is what is often called a *"Marvin* claim" (after *Marvin v. Marvin* (1976) 18 Cal.3d 660 [134 Cal.Rptr. 815, 557 P.2d 106]), which is based on an express or implied enforceable contract between two nonmarital partners, usually arising out of some sort of domestic arrangements between those partners. *Marvin* claims sometimes manifest themselves as breaches of contract to make a will or other disposition from an estate when one of the nonmarital partners dies. (E.g., *McMackin v. Ehrheart* (2011) 194 Cal.App.4th 128, 131 [122 Cal.Rptr.3d 902] *(McMackin)*; see *Byrne v. Laura* (1997) 52 Cal.App.4th 1054, 1064 [60 Cal.Rptr.2d 908].)

The text of section 366.3 ("a promise or agreement with a decedent to distribution from an estate") squarely fits claims based on contracts, including *Marvin* contracts, by a decedent to provide for someone after the decedent's death or make some other distribution of an estate. This point has been readily confirmed by case law. *(McMackin, supra,* 194 Cal.App.4th at pp. 136–139 [*Marvin* claim]; see *Estate of Ziegler* (2010) 187 Cal.App.4th 1357, 1365 [114 Cal.Rptr.3d 863] [claim to receive home on decedent's death]; *Stewart v. Seward* (2007) 148 Cal.App.4th 1513, 1519 [56 Cal.Rptr.3d 651] *(Stewart)* [claim based on promise to execute will leaving partial interest in property to claimant]; *Embree v. Embree* (2004) 125 Cal.App.4th 487, 492 [22 Cal.Rptr.3d 782] [claim based on provision in marital settlement agreement to establish a trust or annuity to pay spousal support after decedent's death].)

B. *Applicability of Section 9353*

The estate also argues that section 9353 *does* apply, and therefore its 90-day-from-date-of-rejection time limit bars Allen's suit. This argument is not so readily disposed of.

---

[5] Section 366.3 states: "(a) If a person has a claim that arises from a promise or agreement with a decedent to distribution from an estate or trust or under another instrument, whether the promise or agreement was made orally or in writing, an action to enforce the claim to distribution may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply.

"(b) The limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason except as provided in Sections 12, 12a, and 12b of this code, and former Part 3 (commencing with Section 21300) of Division 11 of the Probate Code, as that part read prior to its repeal by Chapter 174 of the Statutes of 2008.

"(c) This section applies to actions brought on claims concerning persons dying on or after the effective date of this section."

We first review the formidable array of Probate Code statutes bearing on the requirement imposed on persons with claims on estates to file creditor's claims with those estates. (Cf. generally Rutter Group Probate Treatise, *supra*, ¶¶ 8:1-8:11.2, pp. 8-1 through 8-4 (rev. # 1, 2011), 8-5, 8-6 (rev. # 1, 2008), 8-7 through 8-10 (rev. # 1, 2009) & 8-11 through 8-13 (rev. # 1, 2011).)

Section 9000, subdivision (a)(1) defines "claim" to mean "a demand for payment for any of the following, whether due, not due, accrued or not accrued, or contingent, and whether liquidated or unliquidated: [¶] (1) *Liability of the decedent*, whether *arising in contract*, tort, or otherwise." (Italics added.)

■ Section 9000, subdivision (c) defines "creditor" to mean "a person who may have a claim against estate property." Claims that are not filed with estates as provided in division 7, part 4 of the Probate Code are "barred." (§ 9002.)·

Section 9002 provides that creditors who have claims against estates must, unless otherwise excused by statute, file those claims as provided in the Probate Code.[6]

■ Section 9351 precludes suit against an estate unless a claim has first been filed with the estate and the claim has been rejected in whole or part.[7]

■ These requirements then culminate in section 9353. Section 9353 says, plainly, that regardless of any other statute of limitations, any claimant against an estate has 90 days after notice of rejection of the claim by the estate to file suit.

It is not surprising, then, that a claim for breach of an agreement to make a distribution from an *estate* has been squarely held to be a "claim" within the meaning of section 9000, and therefore a creditor's claim was required before the claimant could state a cause of action in a lawsuit on that claim.

---

[6] "Except as otherwise provided by statute: [¶] (a) All claims shall be filed in the manner and within the time provided in this part. [¶] (b) *A claim that is not filed as provided in this part is barred.*" (§ 9002, italics added.)

[7] "An action may not be commenced against a decedent's personal representative on a cause of action *against the decedent* unless a claim is first filed as provided in this part and the claim is rejected in whole or in part." (§ 9351, italics added.)

(*Wilkison v. Wiederkehr* (2002) 101 Cal.App.4th 822, 829, 832 [124 Cal.Rptr.2d 631] (*Wilkison*).[8])

And there is no basis in the texts of sections 9000, 9002, 9051 and 9053 to say that claims against estates based on promises by decedents to make wills are not within those statutes. Allen suggests that section 9000, subdivision (b) somehow removes such claims (which include *Marvin* claims) from the ambit of the word "claim" as defined in section 9000, subdivision (a), but that argument is unavailing. The text just does not fit. Subdivision (b) provides: " 'Claim' does not include a dispute regarding *title* of a decedent to *specific property* alleged to be included in the decedent's estate." (Italics added.) There is nothing in a general promise to "take care" of a domestic partner after one's death which implicates "title" to "specific property."

In short, if section 9353, rather than Code of Civil Procedure section 366.3, controls the date of the filing of Allen's suit, affirmance is required.

C. *The Anomaly*

So, does or does not section 366.3 conflict with section 9353? The answer is: It does, but section 366.3 does not necessarily conflict with the sections of the Probate Code governing claims against estates involving matters *other than the statute of limitations* involving contracts to make a will. But to explain why, we must confront and resolve an anomaly that has arisen in the case law. The anomaly is this: Under *Wilkison*, a claim based on a contract to make a will *is* a claim within the meaning of section 9000 and therefore section 9353 *should* govern the statute of limitations, but *Stewart* says a claim based on a contract to make a will is not a claim against the estate at all,[9] and thus implies section 9353 has nothing to do with the statute of limitations on suits against estates based on contracts to make a will. And here's the real

---

[8] *Wilkison*'s thinking was the claimant had an adequate remedy at law for breach of the contract by filing a claim with the estate, and in the absence of such a filed claim, he could not maintain a legal action based on the contract breach. (*Wilkison, supra,* 101 Cal.App.4th at pp. 833–834.)

[9] The language: "We reject Stewart's theory she was a 'creditor' of the estate of Wilmer Koontz (Wilmer) and that, following the administrator's rejection of her 'creditor's claim,' her cause of action came within the tolled or extended statute of limitations of section 366.2. The trial court properly determined Stewart's action arose, not from her status as a 'creditor,' but from Wilmer's alleged breach of a 'promise or agreement with a decedent to distribution from an estate' within the meaning of section 366.3, subdivision (a) and, accordingly, that the statute's one-year statute of limitations applied." (*Stewart, supra,* 148 Cal.App.4th at p. 1515.)

In fact, based on this language, the Rutter Group Probate Treatise has opined that claims covered by section 366.3 are outside of the Probate Code claim-filing provisions altogether. (Rutter Probate Treatise, *supra,* ¶ 8:98.3, p. 8-49 (rev. # 1, 2011), citing *Stewart, supra,* 148 Cal.App.4th at p. 1515 ["a plaintiff suing on a cause of action within the purview of § 366.3 is not even a 'creditor' subject to the Probate Code creditor claim-filing provisions"].)

problem: The conflict cannot be solved simply by saying *Wilkison* was decided before section 366.3 was applicable, because section 366.3 ushered in no change in the language of the Probate Code sections—particularly section 9000 which defines claims and creditors—that plainly apply to claims against estates based on contracts to make a will. And furthermore, the actual text of section 366.3 does not include any language that allows one to say suits based on contracts to make a will are not otherwise governed by the Probate Code sections. The text of section 366.3 does not say anything to the effect that claims against estates based on contracts to make a will are not claims within the meaning of section 9000.[10]

The anomaly is only resolved by recognizing that *Stewart*'s comment that the claimant there "was [not] a 'creditor' of the estate" was simply dicta. (*Stewart, supra*, 148 Cal.App.4th at p. 1515.) The central point of the *Stewart* case was that the claim there fell within the meaning of section 366.3, not section 366.2. The point was important because the claimant's only hope was to fit her claim within 366.2, which has tolling provisions section 366.3 does not have.[11] Because her claim fell "squarely" within section 366.3, and section 366.3 allows for virtually no tolling at all, her suit was time-barred. (*Stewart, supra*, 148 Cal.App.4th at pp. 1522–1523.) The court could have reached that determination without adding the thought, contained in the introductory part of the opinion but otherwise never developed, that the plaintiff never was a "creditor" in the first place.

A statutory scheme in which "claims" within the scope of section 366.3 are not held to be "claims" within section 9000 is inconsistent with all applicable statutes and at least one prior Court of Appeal decision.[12] We therefore part company with the redoubtable Rutter Group Probate Treatise when, relying on *Stewart*, it says claims within section 366.3 are not claims "subject to the . . . claim-filing requirements" of the Probate Code. (Compare Rutter Group Probate Treatise, *supra*, ¶ 8:11.5, p. 8-13 (rev. # 1, 2011) with *id.*, ¶ 8:98.3, p. 8-49.)

---

[10] The first part of section 366.3 says if you have a claim based on a promise to make a will you have got one year from the decedent's death to sue. The second part is inapplicable to the present case—it provides for a tiny amount of tolling and extension for mechanical, computational reasons, or involving now-outdated will contest rules. And the third part merely makes section 366.3 applicable to death dates after 2001.

[11] The claim in *Stewart* was under consideration by the estate for a week. She was two days late in filing suit under section 366.3. If the tolling provisions of section 366.2 had applied, the claimant would have found those two days and a few more to spare. (See *Stewart, supra*, 148 Cal.App.4th at pp. 1521–1523.)

[12] But note that sections 366.2 and section 366.3 do nicely dovetail with each other. Section 366.2 is written to apply to claims that clearly arise *before* a decedent's death, while section 366.3 is written so that it can only apply to claims that arise *on or after* a decedent's death.

But we must take one more step. No case of which we are aware has applied section 366.3 to countermand the competing 90-day statute of limitations in section 9353.[13] We now take that step.

■ Insofar as section 9353 and section 366.3 provide for different times within which a claimant must file *suit* on a claim within section 366.3, the two statutes cannot be reconciled. Section 9353 begins with the words, "Regardless of whether the statute of limitations otherwise applicable to a claim will expire before or after the following times," while section 366.3 affirmatively declares that an action "to enforce the claim to distribution may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply."

■ The precise conflict can be resolved for purposes of this case by the well-established rule that where statutes are in irreconcilable conflict, a specific and later enacted statute trumps a general and earlier one. (See *Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, 310 [99 Cal.Rptr.2d 792, 6 P.3d 713] ["If conflicting statutes cannot be reconciled, later enactments supersede earlier ones . . . and more specific provisions take precedence over more general ones . . . ." (citation omitted)].)

Section 9353 is a general statute. It applies on its face to all claims. Section 366.3 is a specific statute, applying only to a narrow class of claims. Section 9353 was enacted in 1991, about a decade earlier than section 366.3. (Compare Stats. 1990, ch. 79, § 14, pp. 463, 794 with Stats. 2000, ch. 17, § 1, p. 71.) Thus, if they cannot be reconciled, section 366.3 prevails over section 9353.

■ We hold the two statutes cannot be reconciled on the narrow point of when *suit* must be filed.[14] But we do not go beyond that. *This* case involves a

---

[13] A line of cases, of which *Stewart* is one, have, up to now, applied section 366.3 to *bar* lawsuits filed more than a year after the decedent's death. (See *Stewart, supra,* 148 Cal.App.4th at pp. 1516, 1519–1523 [decedent died Oct. 26, 2004, claimant filed suit Oct. 28, 2005; held: § 366.3 applied, there was no tolling, and the suit was time-barred under § 366.3]; *Estate of Ziegler, supra,* 187 Cal.App.4th at pp. 1361, 1366 [decedent died Jan. 15, 2006, claimant filed petition in Sept. 2007; held: § 366.3 applied and time-barred claim filed in probate]; *McMackin, supra,* 194 Cal.App.4th at pp. 131, 139 [decedent died Oct. 1, 2004, suit against estate filed Jan. 13, 2010; held: § 366.3 applied and time-barred suit]; *Embree v. Embree, supra,* 125 Cal.App.4th at p. 492 [decedent died May 15, 2001, claimant filed suit Dec. 23, 2002; held: suit "squarely" was covered by § 366.3 and time-barred].)

One case, *Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 554–559 [75 Cal.Rptr.3d 19], has expressly held a civil action to be timely under section 366.3 because it was filed just three months after decedent stepmother's death.

[14] Stoddard and amici curiae argue the statutes *can* be reconciled simply by reading them to impose the worst of all possible worlds on plaintiffs asserting claims based on contracts to make estate plans. That is, such plaintiffs must meet *both* the section 9351 90-day-from-rejection deadline and the section 366.3 one-year-from-death-of-decedent deadline. We reject this proposed reconciliation because it ignores section 366.3, subdivision (a)'s exclusivity

claimant who filed a timely *claim* with the estate pursuant to sections 9002 and 9353, but who did not file a timely *suit* under section 9353. Since the *suit* was timely under section 366.3 and section 366.3 trumps section 9353 on the topic of suits, the suit here is timely.

 We need not take the step in this case of trying to articulate a unified theory of the relationship between the Probate Code claim-filing requirements and section 366.3.[15] We only decide the case before us. (See *Lawson v. Management Activities, Inc.* (1999) 69 Cal.App.4th 652, 655 [81 Cal.Rptr.2d 745]; *In re Marriage of Bardzik* (2008) 165 Cal.App.4th 1291, 1313 [83 Cal.Rptr.3d 72] (conc. opn. of Rylaarsdam, J.) ["It is our job to decide cases. No more, no less."].)[16] And we recognize that by deciding only the case before us we may leave the relationship between sections 9351 and 366.3, to

---

clause ("the limitations period that would have been applicable does not apply"), and indeed Stoddard and amici curiae do not deal with that clause in proposing their reconciliation.

[15] One virtue of the *Stewart* dicta is that it does imply a bright-line theory of claims against estates based on contracts to make a will—they simply are outside the universe of section 9000 et seq. of the Probate Code. But saying so is a step we will leave to the Legislature. After all, does the Legislature really want all estates to remain open to possibly *unknown* claims a year after the decedent's death, no matter how diligent an executor or administrator might be in giving notice to creditors? (Cf. Prob. Code, § 9050 et seq.) If so, it is for the Legislature to say so.

[16] In a petition for rehearing, Stoddard, joined by amici curiae, invite us to decide another case, namely one involving a plaintiff who came within section 366.2, not section 366.3. Both Stoddard and amici curiae raise the ad horrendum argument that applying our reasoning to section 366.2 (which was enacted in 1992, eight years prior to § 366.3, but two years after § 9353, which was enacted in 1990) would nullify section 9353, because, after all, most creditors of and claimants against estates come within section 366.2, not section 366.3.

We reject this ad horrendum argument for two reasons. First, Stoddard and amici curiae ignore the big textual difference between sections 366.2 and 366.3. Section 366.2, subdivision (b)(2)—which has no analog in section 366.3—makes explicit reference to Probate Code section 9000 et seq. So any court construing a scenario in which a "section 366.2 plaintiff" did not meet the section 9353 deadline would have at least some textual basis to say that maybe section 9353 was impliedly intended to survive section 366.2's exclusivity clause. (See *Estate of Yool* (2007) 151 Cal.App.4th 867, 876 [60 Cal.Rptr.3d 526] ["section 366.2 and Probate Code section 9000 are intertwined; each is integral to the procedural framework regulating the timing of actions and the filing of claims by creditors on the personal liability of a decedent"].) We have no such textual basis to say that as regards section 366.3 here.

Second, Stoddard and amici curiae's argument is essentially one of trying to infer legislative intent about section 366.3, as against what the Legislature plainly said in the statute, based on some section 366.2 hobgoblin. Alas, that's about as easy as pi. We have not been cited to, nor discovered on our own, anything in the legislative history of section 366.3 which clearly states the Legislature intended section 9353 to survive section 366.3's exclusivity clause. What is clear from the legislative history of section 366.3 is that the Legislature intended a "consistent" one-year statute of limitations in the face of several appellate decisions which construed section 366.3's predecessor (Prob. Code, former § 150) to allow suits against estates based on contracts to make wills for much longer periods than one year. (See Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1491 (1999–2000 Reg. Sess.) as amended Jan. 3, 2000, p. 4; Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1491 (1999–2000 Reg. Sess.) as amended Mar. 23, 2000, p. 4.) That is, the legislative history of section 366.3 reflects no clear intent to preserve section 9353's statute of limitations as against section 366.3's exclusivity clause. We therefore decline to read such an intent into the statute. (See *J.A. Jones Construction Co. v. Superior Court* (1994) 27 Cal.App.4th 1568, 1574 [33 Cal.Rptr.2d 206]

use the argot of science fiction, a bit wibbly-wobbly in certain particulars. For example, we do not deal with the case where a *suit* might be timely under section 366.3, but there has been no *claim* to the estate, and thus no compliance with section 9351 at all. (Cf. *Wilkison, supra,* 101 Cal.App.4th 822 [no suit allowed because no creditor's claim filed with estate at all].) Nor do we deal with the obvious problem of an estate that somehow tries to run out the clock on section 366.3. (Cf. *Stewart, supra,* 148 Cal.App.4th at p. 1524 [rejecting argument that reliance by estate on mandatory Judicial Council of Cal. form constituted some form of waiver of right to assert § 366.3's one-year statute of limitations].) It may be there are still unexplored circumstances where section 9351 simply cannot be reconciled with section 366.3.

But those are tomorrow's cases. Sufficient unto *this* case are its own complexities. Perhaps the Legislature will make things clearer in the meantime. For now, *this suit* was timely.

## DISPOSITION

The judgment is reversed. Because this court's reversal of the dismissal based on a statute of limitations is, in essence, an interlocutory determination—the estate may yet prevail on the merits of Allen's claim—we exercise our discretion to *not* award appellate costs to the winner of this early round. Rather, the trial judge will have the discretion, when the final judgment is entered, to accord the appellate costs in this proceeding to the ultimately prevailing party. (See *Root v. American Equity Specialty Ins. Co.* (2005) 130 Cal.App.4th 926, 949 [30 Cal.Rptr.3d 631].)

Rylaarsdam, Acting P. J., and Moore, J., concurred.

A petition for a rehearing was denied February 1, 2013, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied March 27, 2013, S208648.

[absence of clear statement of intent in earlier legislative history defeated argument about purported intent as against actual statutory language].)