[No. B174022. Second Dist., Div. Seven. Dec. 29, 2004.]

JOANNE EMBREE, Plaintiff and Appellant, v.
JEAN LOUISE EMBREE et al., Defendants and Respondents.

488

COUNSEL

Zeutzius and LaBran and Ronald M. LaBran for Plaintiff and Appellant.

Hogue & Langhammer, Thomas Daniel Hogue and Carl Edward Langhammer, Jr., for Defendants and Respondents.

OPINION

PERLUSS, P. J.—

## INTRODUCTION

Alvin Embree entered into a marital settlement agreement with his former wife Joanne Embree, approved as an order of the court, that obligated him to pay monthly spousal support of $1,800 until Joanne remarried or she or he died and that further provided, in the event he predeceased Joanne,[1] a trust or annuity would be established to provide her $1,800 each month for as long as she lived. Following Alvin's death, all of his known property was distributed pursuant to the terms of his revocable living trust without creation of a trust or annuity for the benefit of Joanne. The trial court held that Joanne's attempt to enforce her claim for a lifetime annuity against the beneficiaries of Alvin's living trust was time-barred. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Joanne and Alvin Embree were married on July 21, 1968. On January 28, 1993, Joanne and Alvin entered into a marital settlement agreement (MSA) to dissolve their marriage. The MSA, executed by both Joanne and Alvin, was approved by a judicial officer as an order of the court and recorded as an abstract of support judgment in August 1996. The MSA provided in a section entitled "Spousal Support" that Alvin would pay monthly spousal support to Joanne in the sum of $1,800 until Joanne remarried or he or Joanne died, whichever occurred first. In addition, in a separate section of the MSA entitled "Covenant To Will," Alvin agreed that, in the event he predeceased Joanne, a trust or annuity would be established to provide Joanne with the monthly sum of $1,800 for as long as she lived.[2]

---

[1] Because Joanne Embree, her former husband Alvin Embree and the respondents in this case all share the same last name, we refer to the parties by their first names, not out of disrespect, but to avoid confusion. (See *Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1136, fn.1 [97 Cal.Rptr.2d 707].)

[2] The covenant to will provision of the MSA provided in part: "Husband covenants to provide in his Will that in the event he should predecease his former Wife [Joanne] that a trust

Alvin, who remarried following the dissolution of his marriage to Joanne, died on May 15, 2001. Alvin's only known property, his home, was distributed to his widow and his children in accordance with a revocable trust he had established during his lifetime. His estate was not probated, and the trustee of his revocable living trust elected not to file a proposed notice to creditors under Probate Code section 19100. No annuity or trust was established to provide payments to Joanne.

On December 23, 2002, Joanne filed this lawsuit against Alvin's widow and his children for declaratory relief and breach of contract and sought to impose a constructive trust on the property distributed to them under the terms of Alvin's revocable living trust. Alvin's heirs asserted the claims against them were time-barred under Code of Civil Procedure sections 366.2 and 366.3.[3] In a bifurcated proceeding the trial court agreed Joanne's claims against the beneficiaries of Alvin's living trust were time-barred.

## CONTENTIONS

Joanne contends the provision of the MSA and order requiring creation of a lifetime annuity for her benefit upon Alvin's death is a "spousal support judgment" enforceable against the beneficiaries of Alvin's revocable living trust without regard to the one-year limitations period generally applicable to claims of creditors against a deceased settlor's estate. Alternatively, she argues the limitations period applicable to her claim was tolled under principles of equitable estoppel.

## DISCUSSION

### 1. Standard of Review

The facts are undisputed. The question whether Joanne is barred from pursuing trust property distributed to the beneficiaries of Alvin's revocable living trust to satisfy her claim is a legal issue subject to de novo review. (*Bily v. Arthur Young & Co.* (1992) 3 Cal.4th 370, 397 [11 Cal.Rptr.2d 51, 834 P.2d 745]; *Arluk Medical Center Industrial Group, Inc. v. Dobler* (2004) 116 Cal.App.4th 1324, 1331 [11 Cal.Rptr.3d 194] (*Dobler II*).)

---

will be established which provides that the sum of $1,800.00 per month, payable on the first day of each month, commencing with the first month after Husband's death shall be paid from said trust to [Joanne] for so long as she shall live. Said trust shall provide amongst its terms that [Joanne] shall have no right to anticipate, assign, or otherwise convey the right to receive income prior to the time that this Agreement provides she is to receive the income. The Executor of [Alvin's] estate may also have the right to secure during estate administration an annuity with an insurance company acceptable to [Joanne] in lieu of establishing a trust to provide said income. . . ."

[3] Statutory references are to the Code of Civil Procedure unless otherwise indicated.

### 2. *Joanne's Claim for Breach of the Covenant to Will Provision of the MSA Is Time-barred Under Section 366.3*

Section 366.3, subdivision (a), adopted by the Legislature in 2000, provides, "If a person has a claim which arises from a promise or agreement with a decedent to distribution from an estate or trust or under other instrument, whether the promise or agreement was made orally or in writing, an action to enforce the claim to distribution may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply."[4] Alvin's agreement to establish a trust upon his death to provide monthly payments to Joanne appears to fall squarely within the ambit of section 366.3. Accordingly, Joanne's claim, filed more than one year after Alvin's death, is time-barred.

 Emphasizing that the MSA, which included Alvin's covenant to will, and subsequent court order were recorded as a judgment, Joanne attempts to avoid the bar of section 366.3 by arguing she is not attempting to enforce a "claim" subject to that section's one-year limitations period, but a spousal support judgment that, pursuant to Family Code section 4502, remains "enforceable until paid in full."[5] As we discuss in the following part of this opinion, even if Joanne were correct in her characterization of the covenant to will as a spousal support judgment (a description Alvin's heirs do not dispute for purposes of this appeal), her action to satisfy that judgment from assets received by the beneficiaries of Alvin's revocable living trust is not timely. But the parties' MSA expressly provides that Alvin's obligation to pay spousal support terminated upon his death; the agreement to establish a trust for Joanne's benefit upon Alvin's death is distinct from, and independent of, Alvin's support obligation. Accordingly, while Alvin's covenant to will may in some respects have been incorporated into a family law judgment,

---

[4] Although section 366.3's use of "may," as opposed to "shall" or "must," arguably creates some ambiguity as to whether it establishes a true one-year limitations period for breach of a covenant-to-will agreement, any possible ambiguity is eliminated by examination of the legislative history of the section: "Current law has an uncertain statute of limitations in regard to equitable and contractual claims to distribution of estates. In some cases, the statute may run three years from discovery of the action or four years under a contract theory. [¶] Section 1 of the bill [enacting section 366.3] establishes a one-year statute of limitations for the enforcement of these claims, consistent with the current limitations period for claims against a decedent. (See Code of Civil Procedure section 366.2.)" (Assem. Com. on Judiciary, com. on Assem. Bill No. 1491 (1999–2000 Reg. Sess.) Jan. 11, 2000.) Section 366.3 is applicable to all persons (including Alvin) dying after January 1, 2001. (§ 366.3, subd. (c).)

[5] Family Code section 4502 provides: "Notwithstanding any other provision of law, a judgment for child, family, or spousal support, including a judgment for reimbursement that includes, but is not limited to, reimbursement arising under Section 17402 or other arrearages, including all lawful interest and penalties computed thereon, is enforceable until paid in full and is exempt from any requirement that judgments be renewed."

which provides certain procedural safeguards to the judgment creditor,[6] Joanne is simply wrong in insisting her claim is founded on a "spousal support" judgment within the meaning of Family Code section 4502. (See *In re Marriage of Iberti* (1997) 55 Cal.App.4th 1434, 1439 [64 Cal.Rptr.2d 766] [marital settlement agreements incorporated into a judgment are construed under the rules governing interpretation of contracts generally; when no conflicting extrinsic evidence is offered and the facts are otherwise undisputed, appellate court applies the unambiguous contract terms to the undisputed facts as a matter of law].)

> 3. *The Property Distributed to Alvin's Beneficiaries May Not Be Used to Satisfy Joanne's Judgment Because She Failed to File Her Claim Within One Year of Alvin's Death*

Even if we were to agree with Joanne that she is seeking to enforce a spousal support judgment, for all practical purposes the result is the same: The property distributed to the beneficiaries of Alvin's revocable living trust is not available to satisfy her support judgment because she failed to file her claim within one year of Alvin's death.

■ After the death of a judgment debtor, the ability of a judgment creditor to reach property of the decedent debtor in satisfaction of the judgment is governed by the Probate Code, not by the Enforcement of Judgments Law (§ 680.010 et seq.) (EJL). (See Code Civ. Proc., § 686.020; Prob. Code, § 9300 [enforcing "claims established by judgment"].[7]) Except with respect to liens that have already been executed, any judgment creditor seeking to satisfy its money judgment with property of the decedent must file a timely claim in the probate proceeding (Prob. Code, § 9100) or in connection with a trust claims procedure (Prob. Code, § 19103), if one has been initiated. The judgment is then paid to the judgment creditor in the ordinary course of the administration of the estate or trust. (Prob. Code, § 9300; *Dobler v. Arluk Medical Center Industrial Group, Inc.* (2001) 89 Cal.App.4th

---

[6] Section 683.310, for example, exempts all judgments or orders made or entered under the Family Code from Code of Civil Procedure's requirements for renewal "[e]xcept as otherwise provided in the Family Code." However, as discussed in the following section, enforcement of judgments against a deceased judgment debtor's estate is governed by the Probate Code, not the Code of Civil Procedure. (§ 686.020 ["After the death of the judgment debtor, enforcement of a judgment against property in the judgment debtor's estate is governed by the Probate Code and not by this title."].)

[7] Probate Code section 9300 provides: "(a) Except as provided in Section 9303 [execution liens existing at the time of the decedent's death], after the death of the decedent all money judgments against the decedent or against the personal representative on a claim against the decedent or estate are payable in the course of administration and are not enforceable against property in the estate of the decedent under the [EJL]. [¶] (b) Subject to Section 9301 [judgment against personal representative], a judgment referred to in subdivision (a) shall be filed in the same manner as other claims."

530, 540–541 [107 Cal.Rptr.2d 478] (*Dobler I*).) If both the estate and trust are insufficient to satisfy the judgment, a judgment creditor that has preserved its claim by filing a timely claim may pursue trust property distributed to the beneficiaries of the decedent's revocable living trust to the same extent the property would have been available to satisfy the judgment during the decedent settlor's lifetime. (*Dobler I*, at p. 542; *Dobler II*, *supra*, 116 Cal.App.4th at p. 1333.) ■ Failure to file a timely claim in the probate or trust claims proceeding forever bars the creditor from recovering against the property of the decedent, whether or not distributed. (Prob. Code, §§ 9002 [probate] 19004 [trust]; see also *Dobler II*, at p. 1333.)

■ If no probate or trust claims procedure has been initiated, however, as in the case at bar, the short limitations periods applicable to claims filed in probate or trust claims proceedings do not apply; and the availability of trust property to any creditor of the deceased settlor "shall be as otherwise provided by law." (Prob. Code, § 19008.) Probate Code section 19400,[8] in turn, permits a creditor to proceed against property distributed to the beneficiaries of the judgment debtor's revocable living trust, subject to the one-year limitation period of section 366.2.[9] (See *Valentine v. Read* (1996) 50 Cal.App.4th 787, 792–793 [57 Cal.Rptr.2d 836] [in absence of probate or trust claims proceeding, Prob. Code, § 19400 authorizes judgment creditor to pursue claim against distributees' of decedent's revocable living trust within one year of settlor's death].) If the creditor fails to bring a claim against the beneficiaries of the decedent judgment debtor's revocable living trust within one year of the decedent's death, property distributed to the beneficiaries under the terms of the decedent's revocable living trust is protected and cannot be used to satisfy the creditor's judgment. (*Levine v. Levine* (2002) 102 Cal.App.4th 1256, 1263–1265 [126 Cal.Rptr.2d 255] [in absence of probate or trust claims proceeding, appellant's claim against beneficiaries of debtor's revocable living trust is barred because action was not brought within one year of decedent debtor's death]; *Dawes v. Rich* (1997) 60

---

[8] Probate Code section 19400 provides: "Subject to Section 366.2 of the Code of Civil Procedure, if there is no proceeding to administer the estate of the deceased settlor, and if the trustee does not file a proposed notice to creditors pursuant to Section 19003 and does not publish notice to creditors pursuant to Chapter 3 (commencing with Section 19040), then a beneficiary of the trust to whom payment, delivery, or transfer of the deceased settlor's property is made pursuant to the terms of the trust is personally liable, to the extent provided in Section 19402, for the unsecured claims of the creditors of the deceased settlor's estate."

[9] Section 366.2, subdivision (a), provides: "If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would otherwise have been applicable does not apply." The one-year limit of section 366.2, which applies to actions brought on liabilities of persons dying on or after January 1, 1993, is tolled if the claim is timely filed in connection with a probate or trust claims proceeding. (§ 366.2, subds. (b), (c).)

Cal.App.4th 24, 33 [70 Cal.Rptr.2d 72] [judgment creditor's claim against debtor's surviving spouse time-barred under § 366.2 because not brought against spouse within one year of decedent's death].)

While acknowledging that, upon Alvin's death, her right to reach property in Alvin's revocable living trust to enforce the spousal support judgment would have been contingent on filing a timely claim in a probate or trust claims proceeding if either had been initiated, Joanne contends that, in the absence of those proceedings, she can satisfy her judgment against property left by Alvin to his heirs at any time. In Joanne's view, any other result would render hollow the guarantee of Family Code section 4502 that, "[n]otwithstanding any other provision of law," her spousal support judgment remains "enforceable until paid in full."

■ Joanne's argument reads far too much into Family Code section 4502.[10] That section ensures a money judgment for spousal support remains valid and enforceable until paid in full and exempts such judgments from any requirement in the EJL that judgments be renewed. Family Code section 4502, however, does not address the procedural requirements for reaching the assets of a judgment debtor after that debtor's death. Indeed, Joanne concedes the protections to heirs provided by the probate and trust claims procedures are fully applicable to a spousal support judgment. Similarly, nothing in Family Code section 4502 (or any other provision of the Family Code) supersedes Probate Code section 19400's procedural requirements intended to protect beneficiaries who have received property pursuant to the terms of a living revocable trust in instances when there was no probate or trust claims proceeding—requirements that further the " ' ". . . strong public policies of expeditious estate [and trust] administration and security of title for distributees, and [are] consistent with the concept that a creditor has some obligation to keep informed of the status of the debtor." [Citation.]' [Citation.]" (*Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, 308 [99 Cal.Rptr.2d 792, 6 P.3d 713].) Thus, while Joanne's judgment would remain enforceable under Family Code section 4502 if it were a spousal support judgment, her failure to file a timely claim against Alvin's beneficiaries protects the property actually distributed to them from being used to satisfy her judgment. (Prob. Code, § 19400; Code Civ. Proc., § 366.2.)

---

[10] To the extent Joanne's argument is predicated on the existence under the EJL of a "judgment lien" against Alvin's real property created during his lifetime as a result of the recording of the abstract of judgment for spousal support payable in installments (§ 697.320, subd. (a)(1)), any such lien was effectively extinguished once Alvin died. (See Prob. Code, § 9300 ["Except [with respect to execution liens existing at the time of the decedent's death] all money judgments against the decedent . . . are payable in the course of administration" and are not enforceable under the EJL].)

Joanne's reliance on our opinions in *Dobler I, supra,* 89 Cal.App.4th 530, and *Dobler II, supra,* 116 Cal.App.4th 1324, to support her contention that a judgment creditor may enforce a spousal support judgment against estate or trust property without time restriction is similarly misplaced. In *Dobler I,* a disputed creditor had filed a timely claim in the probate proceeding. When the creditor later obtained a money judgment against the estate, it sought to enforce that judgment against trust property because the estate was insufficient to satisfy the judgment. The trustee asserted the claim against trust property was barred under section 366.2 because no separate claim had been filed against the trust within one year of the decedent's death. We rejected that argument, holding the creditor had preserved its right to estate property (and to trust property if the estate was insufficient to satisfy the judgment) by filing a timely claim in the probate proceeding. (*Dobler I,* at p. 535.) We did not hold that a judgment creditor who has neither filed a timely claim in a probate proceeding nor complied with the filing requirements in a trust claims proceeding may proceed against trust property without regard to the limitations period of section 366.2.

Following our decision in *Dobler I,* the judgment creditor attempted to enforce its judgment against trust assets only to learn the trustee had distributed the property in accordance with the terms of the decedent's revocable living trust, leaving the trust unable to satisfy the judgment. The judgment creditor then sought to hold the trustee personally liable for distributing the trust property while its disputed claim was pending. In *Dobler II, supra,* 116 Cal.App.4th 1324, we held the trustee was under no duty to preserve trust property for the benefit of a disputed creditor. Once the disputed creditor's claim was reduced to a judgment, and both the estate and trust were insufficient to satisfy the judgment, the proper remedy for a judgment creditor was to pursue the property distributed to the trust beneficiaries in accordance with Probate Code section 19400. (*Dobler II,* at pp. 1338–1339.) Because the judgment creditor had filed a timely claim in the probate proceeding, application of section 366.2's one-year limitations period simply was not an issue in *Dobler II.* Certainly our recognition that the judgment creditor in that case could proceed against trust property distributed to beneficiaries of a revocable living trust to the same extent that the property would have been available to the creditor prior to distribution does not support Joanne's argument that such action may proceed against trust beneficiaries independent of the limitations provisions contained in Probate Code section 19400 and Code of Civil Procedure section 366.2.

In sum, to protect her right to satisfy her judgment with property distributed to Alvin's beneficiaries, Joanne had to file her claim against the beneficiaries within one year of Alvin's death. Because she did not file her

claim until 19 months after Alvin's death, the property distributed to his beneficiaries may not be used to satisfy her judgment. (Prob. Code, § 19400; Code Civ. Proc., § 366.2.)

### 4. *No Evidence Supports Application of Equitable Estoppel*

Joanne asserts principles of equitable and promissory estoppel preclude Alvin's heirs from asserting the statute of limitations as a defense in this action. As Joanne concedes, however, there is no evidence of any misconduct by Alvin's heirs or promises on their part that induced her forbearance to file suit. (Cf. *Battuello v. Battuello* (1998) 64 Cal.App.4th 842, 848 [75 Cal.Rptr.2d 548] [when beneficiary of decedent's estate convinced plaintiff not to file suit to enforce a contract to will between plaintiff and decedent by affirmatively promising him he would receive the property discussed in the contract, plaintiff's forbearance in filing suit was beneficiary's doing; as a result, plaintiff could claim beneficiary was equitably estopped from asserting statute of limitations as a defense].) Thus, even assuming equitable estoppel principles could be used to toll the limitations periods in section 366.2 or 366.3,[11] the trial court properly determined Joanne's action against Alvin's beneficiaries was barred.

### DISPOSITION

The judgment is affirmed. Respondents are to recover their costs on appeal.

Woods, J., and Zelon, J., concurred.

---

[11] Both section 366.2, subdivision (b), and section 366.3, subdivision (b), state their limitations periods may not be tolled or extended except under specifically enumerated circumstances, none of which is applicable here.