[No. B228631. Second Dist., Div. Six. Jan. 25, 2012.]

GENERAL DEVELOPMENT CO., L.P., Plaintiff and Appellant, v.
CITY OF SANTA MARIA, Defendant and Respondent.

COUNSEL

Afifi Law Group and Faryan Andrew Afifi for Plaintiff and Appellant.

Wallin Kress, Reisman & Kranitz, Lisa E. Kraniz; Gil Trujillo, City Attorney, Philip Sinco, Assistant City Attorney, and Wendy Stockton, Deputy City Attorney, for Defendant and Respondent.

OPINION

YEGAN, J.—We hold that an action challenging a legislative body's decision to deny a zone change is subject to a 90-day limitations period set forth in Government Code section 65009, subdivision (c)(1)(B).[1] Section 65009, subdivision (c)(1) provides that "no action or proceeding shall be maintained . . . by any person unless the action or proceeding is commenced and service is made on the legislative body within 90 days after the legislative body's decision: [¶] . . . [¶] (B) To attack, review, set aside, void, or annul the decision of a legislative body to adopt or amend a zoning ordinance."

General Development Co., L.P. (Developer), appeals from a judgment of dismissal entered in favor of the City of Santa Maria (City) after the trial court ruled that Developer's petition for writ of mandate was time-barred by section 65009, subdivision (c)(1)(B). We affirm.

*Facts and Procedural History*

In June 2009, Developer applied for a zone change for 4.68 acres of vacant land located at 1000 East Betteravia Road, Santa Maria. In January 2010, the City Planning Commission recommended that the city council approve the zone change. But on February 16, 2010, after a duly noticed public hearing, the city council, the appropriate legislative body, denied the application for a zone change.

Developer challenged the decision by writ petition and served the petition by notice and acknowledgement on May 24, 2010, 97 days after the decision. (Code Civ. Proc., § 415.30, subd. (c).)

Sustaining City's demurrer without leave to amend, the trial court ruled that the writ petition was time-barred by section 65009, subdivision (c)(1)(B) which requires that the writ petition be filed and served within 90 days of the city council's decision.

---

[1] All statutory references are to the Government Code unless otherwise stated.

*Standard of Review*

Our review is de novo because the appeal is from a judgment on demurrer (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [106 Cal.Rptr.2d 271, 21 P.3d 1189]) and is one of statutory construction (*Regents of University of California v. Superior Court* (1999) 20 Cal.4th 509, 531 [85 Cal.Rptr.2d 257, 976 P.2d 808]).

*Denial of Rezoning Is a Decision*

■ Section 65009, part of the Planning and Zoning Law (§ 65000 et seq.), "establishes a short statute of limitations, 90 days, applicable to actions challenging several types of local planning and zoning decisions . . . ." (*Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757, 765 [16 Cal.Rptr.3d 404, 94 P.3d 538].) The statute was enacted "to alleviate the 'chilling effect on the confidence with which property owners and local governments can proceed with projects' [citation] created by potential legal challenges to local planning and zoning decisions." (*Ibid.*)

■ Developer argues that denial of a rezoning application is not "a decision" because City did not "adopt or amend a zoning ordinance" within the meaning of section 65009, subdivision (c)(1)(B).[2] It claims that the 90-day limitations period only applies to "decisions" granting a zone change, not "decisions" denying a zone change. In *Guru Nanak Sikh Society v. County of Sutter* (E.D.Cal. 2003) 326 F.Supp.2d 1128 (*Guru*), the court rejected this contention. It said that section 65009 "does not appear to point towards this [grant versus denial] distinction. On the contrary, the statute limits the period of time in which an action may be filed to 'attack, review, set aside, void or annul *any decision*' regarding an application for a conditional use permit. Understandably, plaintiff chooses not to focus on the plain meaning of the statute . . . ." (326 F.Supp.2d at p. 1138.)

■ *Guru* is consistent with the actual language of section 65009, subdivision (b)(1) which provides that the shortened statute of limitations applies to any "action or proceeding to attack, review, set aside, void, or annul a finding, determination, or decision of a public agency made pursuant to this title at a properly noticed public hearing . . . ." The trial court did not err in ruling that City's denial of the rezoning application was a "decision" within the meaning of section 65009, subdivision (c)(1)(B). (See, e.g., *Toso v. City of Santa Barbara* (1980) 101 Cal.App.3d 934, 942 [162 Cal.Rptr. 210] [denial of application to rezone property to build resort hotel is a "decision"].)

---

[2] Rezoning of property must be accomplished by an ordinance amending the original zoning ordinance. (*Johnston v. City of Claremont* (1958) 49 Cal.2d 826, 835–836 [323 P.2d 71].)

Litigation commenced to overturn a "decision" to deny a rezoning is subject to a very short 90-day statute of limitations for good reason. Government entities, landowners, lessees, adjoining landowners, and the public, should know quickly whether there is a theoretical "cloud" hanging over the land. A three-year statute of limitations and the pace of litigation, in theory, may inhibit the free alienation and use of land. Here, appellant contends that it has three years to commence litigation. Thus, the "hanging cloud" could remain for years. This would be poor land use law.

### Rules of Statutory Construction

Developer contends that section 65009 must be construed so that no part is rendered superfluous. (See, e.g., *Torrey Hills Community Coalition v. City of San Diego* (2010) 186 Cal.App.4th 429, 440 [111 Cal.Rptr.3d 578].) Thus, it argues that if denial of a zone change is a "decision," this construction of the statutory scheme would render the phrase "decision of a legislative body to adopt or amend a zoning ordinance" superfluous. (§ 65009, subd. (c)(1)(B).)

■ This argument, if credited, would add the word "only" between the words "body" and "to." "This court is loathe to construe a statute which has the effect of 'adding' or 'subtracting' language. [Citation.]" (*People v. Buena Vista Mines, Inc.* (1996) 48 Cal.App.4th 1030, 1034 [56 Cal.Rptr.2d 21].) ■ It would also subtract the word "review" from the statute. Doing so would also violate another principle of statutory construction and maxim of jurisprudence: "[s]uperfluity does not vitiate" (Civ. Code, § 3537). This maxim directs that the presence of arguably unnecessary terms in a statute should not, by itself, produce an interpretation that will defeat the Legislature's central aim in enacting the law. (See *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299] [literal construction should not prevail if it is contrary to the legislative intent]; *Kramer v. Inuit Inc.* (2004) 121 Cal.App.4th 574, 579 [18 Cal.Rptr.3d 412] [statutes must be read to avoid absurd results].) "It is a well-settled maxim of statutory construction that 'a statute is to be construed in such a way as to render it "reasonable, fair and harmonious with [its] manifest [legislative] purposes . . . ." [citations], and the literal meaning of its words must give way to avoid harsh results and mischievous or absurd consequences.' [Citation.]" (*Kinney v. Vaccari* (1980) 27 Cal.3d 348, 357 [165 Cal.Rptr. 787, 612 P.2d 877].) No harsh results or absurd consequences flow from the trial court ruling or our holding.

Developer argues that if section 65009 was intended to apply to the denial of a zone change, the Legislature would have said so. The word "decision" is broad and includes grants and denials. Surely the Legislature would have specified other language if it meant to equate a 90-day limitations period "only" for grants or requests to adopt or amend an extant zoning ordinance.

Section 66499.37, part of the Subdivision Map Act (§ 66410 et seq.), has a similar 90-day limitations period but uses broader language to describe a

"decision." This statute bars actions challenging "the decision of a[] . . . legislative body concerning a subdivision, or any of the proceedings, acts, or determinations taken, done, or made prior to the decision . . . ." (§ 66499.37.) In *Hensler v. City of Glendale* (1994) 8 Cal.4th 1 [32 Cal.Rptr.2d 244, 876 P.2d 1043], our Supreme Court stated that sections 66499.37 and 65009 are similar in purpose and create relatively short limitations periods "to permit and promote sound fiscal planning by state and local governmental entities." (8 Cal.4th at p. 27.)

## Conclusion

Although section 65009 could have been drafted with greater precision, the language used does not defeat the stated legislative goal of providing "certainty for property owners and local governments regarding decisions made pursuant to this division." (§ 65009, subd. (a)(3).) "[T]he legislative intent 'is to establish a short limitations period in order to give governmental zoning decisions certainty, permitting them to take effect quickly and giving property owners the necessary confidence to proceed with approved projects.' [Citation.]" (*Wagner v. City of South Pasadena* (2000) 78 Cal.App.4th 943, 948–949 [93 Cal.Rptr.2d 91]; see *Urban Habitat Program v. City of Pleasanton* (2008) 164 Cal.App.4th 1561, 1573 [80 Cal.Rptr.3d 300].)

The judgment (order sustaining demurrer without leave to amend) is affirmed. City is awarded costs on appeal.

Gilbert, P. J., and Coffee, J., concurred.