Filed 5/2/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| COUNTY LINE HOLDINGS, LLC,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JANICE M. McCLANAHAN,<br><br>    Defendant and Appellant. | 2d Civil No. B278790<br>(Super. Ct. No. 56-2013-00444799-CU-OR-VTA)<br>(Ventura County) |

    A cause of action survives one year after the death of a debtor. But not a judgment lien. Judgment liens have longevity.

    A judgment debtor dies. A contest over the priority of two judgment liens ensues. Both liens were established prior to the judgment debtor's death. After the judgment debtor died, plaintiff purchased one judgment lien at the execution sale of the junior lien. Plaintiff then brought this action to quiet title against defendant's senior lien. The trial court gave judgment to plaintiff. The court concluded that enforcement of defendant's senior lien was barred by Code of Civil Procedure section 366.2

for failure to enforce the lien within one year of the judgment debtor's death.[1]

We reverse. Section 366.2 limits the time to bring a cause of action, not the time to enforce a judgment.

*FACTS*

Harold Mansdorf, as trustee for the Mansdorf Family Trust (hereafter "Mansdorf"), owned a parcel of property in Ventura County near the Pacific Coast Highway. The parties refer to the parcel as the "Malibu Property."

In January 2008, Janice M. McClanahan obtained a $12 million judgment against Mansdorf. McClanahan recorded an abstract of judgment in May 2008.

In January 2012, John Torjisen obtained a $2 million judgment against Mansdorf. Torjisen recorded an abstract of judgment in April 2012.

The recordation of an abstract of judgment places a judgment lien against all real property of the judgment debtor. (§ 697.310.)

Mansdorf died in August 2012. The trustee of his trust did not initiate the Probate Code claims procedure. (Prob. Code, § 19000 et seq.)

In April 2013, Torjisen enforced his judgment lien on the Malibu Properly by sheriff's sale. County Line Holdings, LLC (County Line) submitted the winning bid of $500,000 and received the sheriff's deed.

In November 2013, County Line brought the instant action to quiet title to the Malibu Property free and clear of any lien or claim by a number of named defendants, including McClanahan.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

The trial court rendered judgment in favor of County Line.  The court found that McClanahan's judgment lien was extinguished by Mansdorf's death and could only have been revived by filing a claim against Mansdorf's trust.  The court concluded that because McClanahan had not filed such a claim within one year, enforcement of her judgment lien is barred under section 366.2.

*DISCUSSION*

*I*

McClanahan argues section 366.2 does not apply to the enforcement of her judgment lien.

Section 366.2, subdivision (a) provides:  "If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply."

Section 366.2, subdivision (a), by its terms, limits the time for bringing a "cause of action."  Execution on a judgment lien is not a cause of action.  (*Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co.* (1993) 5 Cal.4th 854, 860 [cause of action arises from breach of a "primary right" and is distinguished from "remedy" or "relief"].)  Issues relating to a primary right had long passed away, allowing for the birth of a judgment lien with a long life.  Section 366.2 does not apply. (*Estate of Bennett* (2008) 163 Cal.App.4th 1303, 1310 ["The claim against decedent had been reduced to a judgment before he died, thereby rendering the statute of limitations on a 'cause of action' where the 'person against whom [the] action may be brought . . . dies' (Code Civ. Proc. § 366.2, subd. (a)) inapplicable"].)

3

County Line's argument that section 366.2 applies to execution on a judgment lien leads to an absurd result. A plaintiff who had not brought an action prior to a defendant's death would have one year to both file an action and execute on the ensuing judgment lien, an impossibility in most cases.

Nor is County Line assisted by section 686.020, which states: "After the death of the judgment debtor, enforcement of a judgment against property in the judgment debtor's estate is governed by the Probate Code, and not by this title." "[T]his title" refers to the Enforcement of Judgments Law (EJL). (§ 680.010 et seq.)

Section 686.020 refers to enforcement of a judgment against "property in the judgment debtor's estate." Here the Malibu Property was subject to Mansdorf's living trust and thus was not in the judgment debtor's estate.

McClanahan points out that to construe section 686.020 as applying to trusts we must add language to the statute. Ordinarily we are loathe to construe a statute by adding language. (*General Development Co., L.P. v. City of Santa Maria* (2012) 202 Cal.App.4th 1391, 1395.) The problem here, however, is that the Probate Code contains a creditor claims procedure for trusts similar to that applicable to estates. (See Prob. Code, § 19000 et seq.) If section 686.020 does not include trusts, McClanahan suggests no circumstances in which the probate procedure for creditor claims against living trusts would apply.

There is no problem here. The Malibu Property is currently held in neither an estate nor a trust. Instead, County Line has title. The purpose of the Probate Code creditor claims procedure is to promote the expeditious administration of estates and trusts and to provide security of title for distributees. (See *Embree v. Embree* (2004) 125 Cal.App.4th 487, 495.) That policy

4

applies where the contest is between a creditor and an estate or a trust beneficiary. The policy does not apply where, as here, the contest is between two judgment lien claimants.

In any event, even if the Probate Code applies, County Line would not be helped. Although the Probate Code's creditor claims procedure for trusts differs somewhat from that for estates, our Supreme Court's discussion of judgment liens in *Corporation of America v. Marks* (1937) 10 Cal.2d 218 is instructive. Judgment liens survive.

In *Corporation of America v. Marks*, *supra*, 10 Cal.2d 218, creditor obtained judgment liens against debtor's property while debtor was alive. When debtor died, creditor failed to file a claim in debtor's estate because it did not know that debtor had died. After the period for filing a claim in debtor's estate had passed, creditor filed an action to foreclose the judgment liens. The trial court sustained the debtor's demurrer on the ground that creditor failed to file a timely claim in the debtor's estate. Our Supreme Court reversed the resulting judgment.

Our Supreme Court stated that, while the debtor is still alive, the usual and ordinary method of enforcement of a judgment lien is by execution sale. (*Corporation of America v. Marks*, *supra*, 10 Cal.2d at p. 220.) On death of the debtor, however, former Probate Code section 732, now section 9300, terminates the right of the creditor to enforce the judgment lien by execution and sale. (*Corporation of America*, at p. 220.) "But the death of the debtor does not terminate the judgment lien." (*Ibid*.) The lien continues for its statutory duration[2] unless

---

[2] Section 697.310, subdivision (b) provides: "Unless the money judgment is satisfied or the judgment lien is released, subject to Section 683.180 (renewal of judgment), a judgment lien

5

sooner terminated by satisfaction or discharge.  (*Ibid.*)  "The judgment lien creditor . . . may file a claim, and in such event the priority of his lien will be protected in the administration proceeding . . . and he will have a claim for any deficiency against the general estate of the decedent."  (*Ibid.*)

Our Supreme Court expressly rejected the debtor's contention that enforcement of the judgment lien in the course of estate administration is the exclusive remedy of the judgment lien creditor on the death of the debtor prior to levy of execution. (*Corporation of America v. Marks*, *supra*, 10 Cal.2d at p. 221.) The court stated heirs and distributees take subject to the lien. (*Ibid.*)  "'A judgment lien has always been regarded as the highest form of security.'"  (*Ibid.*)  A judgment lien creditor may, without filing a claim in probate, bring an equitable action to foreclose the judgment lien, but he has no right to a deficiency.  (*Ibid.*)  The creditor may bring the action at any time during the statutory duration of the judgment lien.  (*Id.* at p. 220.)[3]

---

created under this section continues until 10 years from the date of entry of the judgment."

[3] Probate Code section 9391 now expressly authorizes a judgment lien creditor to bring a separate action to foreclose a judgment lien during the lien's statutory life without filing a claim.  The statute provides in part:  "[T]he holder of a mortgage or other lien on property in the decedent's estate, including, but not limited to, a judgment lien, may commence an action to enforce the lien against the property that is subject to the lien, without first filing a claim as provided in this part, if in the complaint the holder of the lien expressly waives all recourse against other property in the estate.  Section 366.2 of the Code of Civil Procedure does not apply to an action under this section."

Thus, under *Corporation of America*, the judgment creditor has an option: file a timely claim in the estate probate proceeding and seek a deficiency; or, without filing a claim, bring an action to foreclose the lien during its statutory duration, waiving any right to a deficiency. In neither case does the lien lose its priority.

Although the Probate Code provides for a creditor claims procedure for trusts, the trustee is not required to use it. (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 255.) Where the trustee elects to use the claims procedure, the rights of judgment lien creditors should be no different than those set forth in *Corporation of America*.

Where, as here, the trustee elects not to use the creditor claims procedure, the trustee has waived the protection of the claims statutes. (See Ross & Cohen, Cal. Practice Guide: Probate (2017 Rutter Group) § 2:117.2a, p. 2-95.) Thus, the rights of the creditors are unaffected and the judgment lien creditor may proceed by execution and sale. In any event, the lien does not lose its priority.

County Line's and the trial court's reliance on *Embree v. Embree*, *supra*, 125 Cal.App.4th 487 is misplaced. In *Embree*, plaintiff, decedent's former wife, brought an action to enforce an alleged promise that decedent would create an annuity for her. Plaintiff filed the action more than one year after the decedent's death. The court concluded plaintiff's action was barred by section 366.3, requiring an action to enforce a promise by decedent to make a distribution from an estate or trust to be brought within one year of the decedent's death.

Thus, in *Embree*, plaintiff's action was barred for failure to file the action within the applicable limitations period. The holding in *Embree* does not concern the enforcement of a

7

judgment lien or, for that matter, any enforcement of a judgment. It appears *Embree's* dicta led the trial court astray.

*Embree*'s dicta discuss what would happen if plaintiff were trying to enforce an existing spousal support judgment. The court noted that the trustee did not initiate the Probate Code claims procedure. Under the circumstances, Probate Code section 19400[4] permits an unsecured creditor to proceed against property distributed to the beneficiaries of the judgment debtor's revocable living trust, subject to the one-year limitations period of section 366.2. The court stated: "The property distributed to the beneficiaries of [decedent's] revocable trust is not available to satisfy her support judgment because she failed to file her claim within one year of [decedent's] death." (*Embree v. Embree, supra,* 125 Cal.App.4th at p. 493.) The court then stated in a footnote: "To the extent [plaintiff's] argument is predicated on the existence under the EJL of a 'judgment lien' against [decedent's] real property created during his lifetime as a result of the recording of the abstract of judgment for spousal support payable in installments (§ 697.320, subd. (a)(1)), any such lien was effectively extinguished once [decedent] died. (See Prob. Code, § 9300 ['Except [with respect to execution liens existing at the

---

[4] Probate Code section 19400 provides: "Subject to Section 366.2 of the Code of Civil Procedure, if there is no proceeding to administer the probate estate of the deceased settlor, and if the trustee does not file a proposed notice to creditors pursuant to Section 19003 and does not publish notice to creditors pursuant to Chapter 3 (commencing with Section 19040), then a beneficiary of the trust to whom payment, delivery, or transfer of the deceased settlor's property is made pursuant to the terms of the trust is personally liable, to the extent provided in Section 19402, for the unsecured claims of the creditors of the deceased settlor's probate estate."

8

time of the decedent's death] all money judgments against the decedent . . . are payable in the course of administration' and are not enforceable under the EJL].)"  (*Id.* at p. 495, fn. 10.)

First, *Embree* appears to conclude, without discussion or analysis, that section 366.2 applies to the enforcement of existing judgments, a proposition we reject.  Moreover, given that the trustee in *Embree* did not initiate the claims procedure, it is not clear what the court meant when it said plaintiff could not enforce her support judgment because she failed to file her "claim" within one year.

Second, Probate Code section 19400, stating that creditors are subject to section 366.2, applies by its terms to "unsecured claims," not judgment liens.

Finally, *Embree's* discussion of judgment liens is not only dicta, it is the lowest form of dicta:  footnote dicta.  The court's statement that any judgment lien is effectively extinguished once the judgment debtor died is directly contradicted by our Supreme Court in *Corporation of America v. Marks*, *supra*, 10 Cal.2d at page 221.  (See also Prob. Code, § 9391.)

The judgment is reversed.  Costs are awarded to appellant.
<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

9

Henry J. Walsh, Judge

Superior Court County of Ventura

_____


Law Offices of Thomas P. Cacciatore, Thomas P. Cacciatore; Benedon & Serlin, LLP, Douglas G. Benedon, Gerald M. Serlin; Sottile Baltaxe, Timothy B. Sottile for Defendant and Appellant.

Antoni Albus, LLP, John Antoni, Kevin Tredway for Plaintiff and Respondent.